EXHIBIT A

ORIGINAL

```
FILED
Superior Court of California
County of Los Angeles

MAR 22 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
    Shaunya Bolden
```

THE LAW OFFICE OF OMID NOSRATI
Omid Nosrati, Esq. (SBN 216350)
Tatiana Toroyan, Esq. (SBN 298970)
1875 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (310) 553-5630
Facsimile: (310) 553-5691
Email: omid@nosratilaw.com
Email: tatiana@nosratilaw.com

Attorneys for Plaintiffs,
JANE LYTER and the CLASS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT, UNLIMITED JURISDICTION

| | |
|---|---|
| JANE LYTER, an individual, and all other similarly situated employees;<br><br>Plaintiff,<br><br>vs.<br><br>CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER, a foreign Limited Liability Company; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No. **BC 655010**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay All Earned Wages and Overtime [Labor Code §§201, 204, 510]<br>2. Failure to Provide Rest and Meal Periods [Labor Code §512]<br>3. Failure to Provide Accurate Itemized Statement [Labor Code §226]<br>4. Waiting Time Penalties [Labor Code §203]<br>5. Unfair Business Practices [Business & Professions Code § 17200, et seq.]<br><br>DEMAND FOR JURY TRIAL |

Plaintiff JANE LYTER, by her undersigned attorneys, on behalf of herself, on behalf of others similarly situated, in an action against Defendants CAMBRIDGE SIERRA HOLDINGS dba RECHE CANYON REGIONAL REHAB CENTER, a foreign Limited Liability Company, and

-1-
COMPLAINT

DOES 1 through 50, inclusive, alleges as follows:

## I.

## PARTIES

1.  At all times relevant for purposes of this Complaint, Plaintiff, JANE LYTER ("Plaintiff") has been a resident of the State of California.

2.  Plaintiff is informed and believes, and thereon alleges that at all times relevant for purposes of this Complaint, Defendant, CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER, was a foreign Limited Liability Company, doing business in the State of California.

3.  Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 50, inclusive, and therefore sues Defendants by such fictitious names. Defendants DOES 1 through 50, at all times relevant for purposes of this Complaint were employees, agents, officers and/or members of the board of directors of Defendants. Plaintiff will amend this complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 50, inclusive, when they have been ascertained.

4.  Plaintiff is informed and believes, and on that basis alleges, that Defendants designated herein as DOES 1 through 50, inclusive, are responsible in some manner for the acts, events and occurrences alleged herein, and caused or contributed to the damages sustained by Plaintiff.

5.  Plaintiff is informed and believes, and on that basis alleges, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 50, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants. Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

6. This court has jurisdiction to hear both statutory and common law claims against Defendant and DOES 1 through 50.

## II.

## CLASS ACTION ALLEGATIONS

7. This action is brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure section 382.

7.1 Plaintiff reserves the right under Rule 1855 (b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

7.2 Pursuant to section 382 of the Code of Civil Procedure, this action qualifies as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

7.3 <u>Class Definition</u>. The Class the Plaintiff represents is compromised of the following categories:

    a. All current and former employees of Defendants who worked in the State of California ("Class Complainants") who worked in excess of 8 hours each day and who did not receive overtime pay for such hours, and/or who worked in excess of 12 hours each day and who did not receive double-time pay for such hours, from March 22, 2013 to the final disposition of this action (the "Class Period");

    b. All current and former employees of Defendants who worked in the State of California ("Class Complainants") who were denied duty-free first meal periods and who were not paid one additional hour of pay at the employee's regular rate for each day that a duty-free first meal period was not provided, from March 22, 2013 to the final disposition of this action (the "Class Period");

    c. All current and former employees of Defendants who worked in the State of California ("Class Complainants") who were denied lawful second meal periods and who were not paid one additional hour of pay at the employee's regular rate for each day that a second meal period

was not provided, from March 22, 2013 to the final disposition of this action (the "Class Period"); and

    d. All current and former employees of Defendants who worked in the State of California ("Class Complainants") who were denied rest periods and who were not paid one additional hour of pay at the employee's regular rate for each day that a rest period was not provided, from March 22, 2013 to the final disposition of this action (the "Class Period").

  7.4 <u>Numerosity</u>. The Class is estimated to include approximately one hundred (100) current and former employees of Defendants who worked in the State of California. The members of the Class are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

  7.5 <u>Commonality</u>. There are numerous questions of law or fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

    7.5.1 Whether Defendants have engaged in a common course of failing to pay for overtime and/or double-time compensation for all hours worked in excess of 8 hours and/or 12 hours, respectively;

    7.5.2 Whether Defendants have engaged in a common course of failing to provide duty-free first meal periods and whether Defendants failed to pay one additional hour of pay at the employee's regular rate for each day that a duty-free first meal period was not provided;

    7.5.3 Whether Defendants have engaged in a common course of failing to provide second meal periods and whether Defendants failed to pay one additional hour of pay at the employee's regular rate for each day that a second meal period was not provided;

    7.5.4 Whether Defendants have engaged in a common course of failing to provide rest periods and whether Defendants failed to pay one additional hour of pay at the employee's regular rate for each day that a rest period was not provided;

7.5.5 Whether Defendants have engaged in a common course of failing to furnish Plaintiff and the Class accurate itemized wage statements;

7.5.6 Whether Defendants have engaged in a common course of failing to provide Plaintiff and other former employees with all wages upon separation;

7.5.7 The nature and extent of class-wide injury and the measure of compensation for such injury.

7.6 Typicality. The claims of the representative Plaintiff are typical of the claims of the Class Complainants. Plaintiff is a former employee of Defendants and is a member of the proposed Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

7.7 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel with experience in class action litigation, including employment law. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has interests that are contrary to or that conflict with those of the proposed Class.

7.8 Predominance. Defendants have engaged in a common course of wage and hour violations toward Plaintiff and members of the Class in that Defendants willfully failed to pay Plaintiff and the Class overtime and/or double-time compensation, failed to provide duty-free first meal periods, failed to provide second meal periods, failure to provide rest periods, failed to provide accurate itemized statements, and failed to provide those wages to Plaintiff and other former employees upon their separation.

A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, the cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation could

also present the potential for inconsistent or contradictory judgments.

## SUMMARY OF FACTUAL ALLEGATIONS

8. Defendants have engaged in, and continue to engage in, a common course of wage and hour violations against its current and former employees in the State of California.

9. Throughout the Class Period, Defendants have employed approximately one hundred (100) employees who worked in the State of California.

10. Throughout her employment, Plaintiff worked as a Licensed Vocational Nurse ("LVN") and was responsible for admitting patients, among other work duties. Defendants are a health care center that provide long-term, short-term, and hospice care to patients at Defendants' health care facilities.

11. Throughout the Class Period, Defendants failed to pay Plaintiff and the Class Members overtime and/or double-time compensation. When Plaintiff worked more than 8 hours per day, she was not paid at an overtime rate of pay. Rather, she received her regular rate of pay, despite working overtime hours. In addition, on those occasions when Plaintiff worked more than 12 hours per day, she is informed and believes that she was paid at an overtime rate of pay rather than at a double-time rate of pay.

12. Defendants had a practice of understaffing, which resulted in employees not being able to complete their work within the allotted scheduled shift. If Plaintiff and the Class were unable to complete their work within the allotted scheduled shift, they were required to perform audits on any task that had not yet been completed. Thus, Plaintiff and the Class worked overtime and double-time to complete their work.

13. Furthermore, Defendants required Plaintiff and the Class to clock-out for a meal period, even if they had not taken a meal period. Plaintiff would clock-out for her first meal period (per instructions from Defendants) but continue performing work during her meal periods so that she may complete her work within her scheduled shift. Plaintiff is informed and believes that other members in the Class also completed their work while they were off-duty, such as working off the clock on their scheduled days off, without compensation.

14. As a result, Plaintiff and the Class did not receive duty-free first meal periods. Although Plaintiff would clock-out for one thirty-minute meal period during her shift (per instructions from Defendants), she was still required to perform work in order to complete her work within her scheduled shift. Even on those occasions when Plaintiff clocked-out for her first meal period and attempted to eat lunch either at her desk or in the break room, Plaintiff was regularly interrupted by phone calls to which she was required to respond regarding patient care. In addition, Defendants' practice of understaffing resulted in Plaintiff and the Class not being able to have sufficient relief to take a duty-free meal period.

15. In addition, Plaintiff and the Class did not receive second meal periods when working 10 hours or more in a shift. In addition, Plaintiff and the Class did not receive second meal periods when working 12 hours or more in a shift. Defendants also did not make premium payments in lieu of failing to provide such meal periods to its employees.

16. Moreover, because of Defendants' practice of understaffing, Plaintiff and the Class often did not receive full 10-minute rest periods for fear of needing to return to work and complete their assignments. In addition, Plaintiff and the Class did not receive a third rest period when working shifts of at least 12 hours. Defendants also did not make premium payments in lieu of failing to provide such rest periods to its employees.

17. Throughout the Class Period, Defendants failed to provide accurate itemized wage statements to Plaintiff and members of the Class.

18. Throughout the Class Period, Defendants failed to provide Plaintiff and other former employees all of the above mentioned wages upon separation.

## IV.

### FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES AND OVERTIME

(Against CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER and DOES 1-50, inclusive)

19. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

-7-
COMPLAINT

20. At all relevant times, California *Labor Code* Sections 204 and various applicable wage orders of the IWC were in full force and binding upon Defendants, and each of them, and required Defendants, and each of them, to pay Plaintiff and members of the Class the full amount of compensation for hours worked at overtime and double-time rates owed.

21. Pursuant to *Labor Code* Section 204, all wages earned by employees in the state of California are due and payable by their employer at least twice during each calendar month. *Labor Code* Section 218 authorizes an employee to sue directly for any unpaid wages or penalties owed.

22. Defendants, and each of them, willfully failed to pay Plaintiff and members of the Class wages for each hour worked, by failing to pay them at overtime rates and/or double-time rates for hours worked in excess of 8 and/or 12, respectively, in violation of *Labor Code* Section 510.

23. To date, Defendants have not fully compensated Plaintiff and members of the Class for the above mentioned period. Defendants, and each of them, also failed to pay all wages earned by the Class at the time of their separation, in violation of *Labor Code* Section 201.

24. As a result of the unlawful acts of Defendants, Plaintiff and members of the Class seek wages in amounts to be determined at trial, plus interest and penalties, attorney's fees and costs pursuant to *Labor Code* sections 201, 203, 204, 218.5, 218.6, 226, 1174(d) and applicable IWC Wage Orders.

25. By failing to keep adequate records as required by sections 226 and 1174(d) of the *Labor Code*, Defendants have injured Plaintiff and members of the Class and made it difficult to calculate the compensation due to Plaintiff and members of the Class.

## V.

### SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL AND REST PERIODS

(Against CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER and DOES 1-50, inclusive)

26. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

27. No employer may require an employee to work during any meal or rest period that an IWC Wage Order mandates. [*8 Cal.C.Regs.* §11040 et seq.] An employer who fails to provide meal or rest periods must pay the employee one additional hour of pay at the employee's regular rate for each day that a meal or rest period was not provided. *Lab.C.* §226.7(c).

28. Defendants and each of them had a policy and practice of failing to provide a duty-free first meal period for days during the Class Period which Plaintiff and the Class worked in excess of 5 hours. Also, Defendants failed to provide compensation to Plaintiff and members of the Class in lieu of failing to provide a meal period.

29. In addition, Defendants and each of them had a policy and practice of failing to provide second meal periods for days during the Class Period which Plaintiff and the Class worked in excess of 10 hours. Also, Defendants failed to provide compensation to Plaintiff and members of the Class in lieu of failing to provide a meal period.

30. Defendants, and each of them, also had a policy and practice of failing to provide rest periods for days to Plaintiff and members of the Class. Also, Defendants failed to provide compensation to Plaintiff and members of the Class in lieu of failing to provide rest periods.

31. By failing to provide meal periods and rest periods or one hour's wages in lieu of the meal period and rest period, Defendants willfully violated *Labor Code* sections 226.7 and 512, sections 11 and 12 of the *IWC Wage Orders*, and *Cal. Code Regs.*, Title 8, section 11040 et seq.

32. The right to meal and rest periods is a generally applicable labor standard that is not subject to waiver by agreement. *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal. App. 4th 1277, 1294.

33. By failing to keep adequate records as required by sections 226 and 1174(d) of the *Labor Code*, Defendants have injured Plaintiff and members of the Class and made it difficult to calculate the unpaid meal and rest period compensation due to Plaintiff and members of the Class.

34. As a result of the unlawful acts of Defendants, Plaintiff and members of the Class seek wages in amounts to be determined at trial, plus interest and penalties, attorney's fees and costs pursuant to *Labor Code* sections 203, 226, 226.7, and applicable IWC Wage Orders.

# VI.

## THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

(Against CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER and DOES 1-50, inclusive)

35. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

36. Pursuant to *Labor Code* §226 (a):

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

37. At all relevant times, Defendants, and each of them, have violated the rights of Plaintiff and members of the Class under *Labor Code* 226(a) by knowingly and intentionally failing to provide them with written wage statements to accurately reflect the applicable hours worked as a result of not providing Plaintiff and members of the Class with rest or meal periods, and not paying overtime and/or double-time wages owed.

38. By failing to keep adequate records as required by sections 226 and 1174(d) of the *Labor Code*, Defendants have injured Plaintiff and members of the Class and made it difficult to calculate the compensation due to Plaintiff and members of the Class.

39. As a result of the unlawful acts of Defendants, Plaintiff and members of the Class seek wages in amounts to be determined at trial, plus interest and penalties, attorney's fees and costs pursuant to *Labor Code* sections 203, 204, 218, 226, 1174(d) and applicable IWC Wage Orders.

## VII.

### FOURTH CAUSE OF ACTION FOR WAITING TIME PENALTIES

(Against CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER and DOES 1-50, inclusive)

40. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

41. During the relevant time period, Plaintiff and former employees were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however, willfully failed to pay Plaintiff and former employees all wages owed them, and failed to pay Plaintiff and former employees within the time limits set forth in California *Labor Code* sections 201 and 202.

42. Under *Labor Code* sections 201, 202, and 203, Plaintiff and those Class members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment, including attorney fees and cost of suit.

## VIII.

### FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

### [Business and Professions Code §17200]

(Against CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER and DOES 1-50, inclusive)

43. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully stated herein.

44. California Business & Professions Code Section 17200 defines unfair competition to include "any unlawful, unfair or fraudulent business act or practice..."

45. California Business & Professions Code Section 17203 provides that "[t]he court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

46. Defendants have engaged in acts of unfair competition as defined in Bus. & Profs Code §§17200, *et seq.*, by engaging in the acts and practices alleged herein.

47. California *Labor Code* section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

48. Plaintiff is informed and believes and, on that basis, alleges, that the unlawful, unfair and/or fraudulent practices alleged herein are based upon a policy or practice that is continuing in nature. Specifically, Defendants, and each of them, have engaged, continue to engage, and will continue to engage in a pattern and practice of:

   a. Defendants' failure to pay legally required compensation under the Wage Orders and Labor Code, for all hours worked by Plaintiff and the Class;
   b. Defendants' failure to provide meal periods;
   c. Defendants' failure to provide rest periods;
   d. Defendants' failure to keep and provide accurate wage statements;
   e. Defendants' failure to provide all wages upon separation of employment to former employees.

49. As a direct and proximate result of these unlawful and unfair practices, Plaintiff and members of the Class have suffered injury in fact and lost income in that Defendants have become unjustly enriched by the savings in salaries, benefits, and other employment prerequisites that Plaintiff and members of the Class would otherwise have earned but for the aforesaid unfair business practices. Defendants should be made to disgorge and make restitution of and restore all ill-gotten

gains attributable to these acts and practices to Plaintiff and members of the Class.

50. Under the *Business & Professions Code* Section 17203, Plaintiff and members of the Class are entitled to obtain restitution of these funds for Defendants' unfair business practices as enumerated herein.

51. Pursuant to *Business & Professions* Code Section 17203, injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair business practices as alleged herein. Plaintiff is informed and believes that Defendants, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will results. Plaintiff and members of the Class have no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to the Plaintiff and members of the Class unless Defendants are restrained from committing further illegal acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For all actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, together with prejudgment interest, according to proof;
2. For compensatory and general damages in an amount according to proof;
3. For Attorney's fees;
4. For premium pay, wages, and penalties pursuant to *Labor Code* section 203 and other statutes;
5. For actual damages or penalties pursuant to *Labor Code* section 226 and other statutes;
6. For compensation pursuant to *Labor Code* section 226.7 and other statutes;
7. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;
8. Costs of suit;
9. For Injunctive Relief, Disgorgement of profits, and Restitution; and

10. Such other and further relief as the court deems proper.

Dated: March 22, 2017

                                                               THE LAW OFFICE OF OMID NOSRATI

                                                               By: _____
                                                                    OMID NOSRATI
                                                                    Attorney for Plaintiffs,
                                                                    JANE LYTER and the CLASS

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial as provided by §631 of the California Code of Civil Procedure.

Dated: March 22, 2017

                                                               THE LAW OFFICE OF OMID NOSRATI

                                                               By: _____
                                                                    OMID NOSRATI
                                                                    Attorney for Plaintiffs,
                                                                    JANE LYTER and the CLASS