JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE LYTER, an individual, and all other similarly situated employees;<br><br>Plaintiff,<br><br>vs.<br><br>CAMBRIDGE SIERRA HOLDINGS, LLC dba RECHE CANYON REGIONAL REHAB CENTER, a foreign Limited Liability Company; and DOES 1 through 25, inclusive;<br><br>Defendants. | Case No.:  2:17-cv-03435-MWF-AGR<br><br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER AWARDING ATTORNEYS' FEES, COSTS, AND ENHANCEMENT AWARD** |

This matter came before the Court on June 3, 2019, for a hearing on the Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Costs, and Enhancement Award.  Due and adequate notice having been given to Class Members as required by the Court's January 11, 2019, and March 22, 2019, Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein, and having received no objections to the Settlement, and determining that the Settlement is fair, adequate and reasonable, and otherwise being fully informed and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDED AND DECREED as follows:**

1.      For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court makes final its earlier preliminary certification of the Class Members, as set forth in the Preliminary Approval Order.

2.      This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Settlement and Release (hereinafter "Settlement Agreement") attached as Exhibit 1 to the Declaration of Omid Nosrati, Esq. in Support of Motion for Final Approval of Class Settlement, together with the definitions and terms used and contained therein.

3.      The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

4.      The Class Notice fully and accurately informed Class Members of all material elements of the proposed Settlement and of their opportunity to opt out or object to the Settlement, or to dispute their individual settlement payments; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with due process.  The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and the means to obtain additional information.

5.      Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard.  Accordingly, the Court determines that all Class Members who did not timely and properly opt out, object, or dispute the Settlement are bound by this Order.  These Class Members have released their claims in accordance with the terms of the Settlement Agreement.

6.      The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of

granting final approval.  In particular, the Court founds that the Settlement was reached following meaningful discovery and investigation conducted by Plaintiff's counsel; that the Settlement is the result of informed, arm's-length negotiations between the Parties; and the terms of the Settlement are in all respects fair, adequate, and reasonable.

7.     In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of counsel.  The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8.     Accordingly, the Court hereby approves the Settlement as set forth in the Settlement Agreement and expressly finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement.

9.     The Court hereby makes final its earlier preliminary certification of the Class, as set forth in the Preliminary Approval Order.  The Court finds the following Class has been certified and that final approval shall be with respect to: March 22, 2013 through March 7, 2017 (the "Class Period"), as non-exempt employees at Defendant Cambridge Sierra Holding, LLC dba Reche Canyon Regional Rehab Center's Colton, California rehab medical facility, excluding any and all persons who signed an individual settlement agreement with Defendant ("Class Members"), as follows:

a.     who worked more than 8 hours in a shift or more than 40 hours in a week and were not paid at an overtime rate, and/or who worked more

than 12 hours in a shift and were not paid at a double-time rate;

      b.     who worked more than five hours without receiving a duty-free first meal period, and who were not paid one additional hour of pay at the employee's regular rate for each day that their duty-free first meal period was not provided within the first five hours of their shift;

      c.     who were denied their second meal period when working shifts in excess of 10 hours, and who were not paid one additional hour of pay at the employee's regular rate for each day that a second meal period was not provided;

      d.     who were denied duty-free rest periods, and who were not paid one additional hour of pay at the employee's regular rate for each day that a duty-free rest period was not provided;

      e.     who did not receive accurate, itemized wage statements reflecting their total wages (i.e., premium payments in lieu of receiving meal and rest periods); and

      f.     who did not receive their total wages at the time of separation of their employment.

10.     The Court confirms that Plaintiff Jane Lyter is a suitable representative and is appointed the representative of the Settlement Class. The Court confirms that Plaintiff's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that her interests are aligned with those of the Settlement Class.

11.     The Court hereby awards an Enhancement Award of $5,000.00 to Plaintiff Jane Lyter for her service on behalf of the Settlement Class.

12.     The Court confirms that Omid Nosrati, Esq. of The Law Office of Omid Nosrati has the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court confirms Omid Nosrati, Esq. as Class Counsel.

13.     The settlement of civil penalties under PAGA in the amount of $5,000.00 is hereby approved.  Seventy-Five Percent (75%), or $3,750.00, shall be paid to the California Labor and Workforce Development Agency.  The remaining Twenty-Five Percent (25%), or $1,250.00, will become part of the Settlement Amount.

14. The Court hereby awards $125,00.00 in attorneys' fees and $40,119.80 in costs to Plaintiff's counsel.

15.     The Court approves the Claims Administrator's expenses in the amount of $9,750.00 to Phoenix Settlement Administrators.

16.     Defendant shall pay the Settlement Class Members pursuant to the procedures described in the Settlement Agreement.

17.     Without affecting the finality of this order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement; and (b) all parties hereto for the purpose of enforcing and administering the Settlement Agreement.

18.     Any unclaimed funds shall be distributed to the California Rural Assistance League, the designated *cy pres* recipient.


Dated:  June 18, 2019          _____
                               MICHAEL W. FITZGERALD
                               United States District Judge